UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEWIS E. HARDIN,<br><br>                      Plaintiff,<br>v.<br><br>UNITED STATES CONGRESS GENERAL ASSEMBLY, *et al.*,<br><br>                      Defendants. | Case No. 2:21-cv-1042-APG-BNW<br><br>**ORDER DENYING SECOND MOTION TO CONFIRM ARBITRATION AWARD**<br><br>[ECF No. 5] |

       Plaintiff Lewis Hardin initiated this case with a motion to confirm an arbitration award he allegedly obtained against the defendants. ECF No. 1.  I denied his prior motion to enforce that award because he apparently has not served the defendants with summonses or any other paper to properly bring the defendants into this action. ECF No. 3.  I also ordered Hardin to show proof of whether he timely served the defendants under Federal Rule of Civil Procedure 4. ECF No. 4.

       Hardin now again moves to confirm his award, but he again fails to offer proof of service upon the defendants. ECF No. 5.  He contends that he has provided proof of service (ECF No. 5-2), but no such proof is on file.  To the extent Hardin is relying on his mailing of the final arbitration award to the defendants (ECF No. 1 at 2), that is not service of <u>this</u> lawsuit, which is required under Federal Rule of Civil Procedure 4.  Hardin cites to the Federal Arbitration Act, but that, too, requires notice to the adverse party:

> *Notice of the application shall be served upon the adverse party*, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.  If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court.  If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9.  The defendants are entitled to notice of this case and the opportunity to appear and be heard.  Hardin's motion to confirm the arbitration award is premature so I deny it without prejudice.  I will give him one last chance to show cause why this action should not be dismissed for failure to timely serve the defendants under Rule 4.

      I THEREFORE ORDER that plaintiff Lewis Hardin's motion to confirm the arbitration award **(ECF No. 5) is denied without prejudice**.

      I FURTHER ORDER that by June 30, 2022, Hardin shall show cause why this case should not be dismissed for failure to timely serve the defendants.  Failure to respond to this order will result in dismissal of his claims without prejudice.

      DATED THIS 10th day of June, 2021.

UNITED STATES DISTRICT JUDGE